United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

REILANDY GONZALEZ MORENO,
Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,
Respondents.

Case No. 1:26-cv-08660-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Reilandy Gonzalez Moreno is an immigration detainee awaiting the outcome of his removal proceedings. Fleeing Cuba, he first entered the United States in April 2024 and was paroled into the country by DHS under 8 U.S.C. § 1182(d)(5)(A). ECF No. 1 ¶¶ 84–88. After his grant of parole, Petitioner began living in Florida, obtained valid work authorization from USCIS, and began legally working for a scaffolding installation company. *Id.* ¶¶ 91, 98–102. He also applied for lawful permanent residency under the Cuban Adjustment Act. *Id.* ¶ 105. He has no criminal history. ECF No. 5 at 12. On September 8, 2026, ICE officers pulled Petitioner over while he was driving and arrested him. *Id.* at 11; ECF No. 1 ¶¶ 109–114.

Petitioner contends that his re-detention without notice or a pre-deprivation hearing violated his Fifth Amendment right to due process. *Id.* ¶¶ 200–223. On October 21, 2026, the Court directed Respondents to identify any factual or legal issues which would render this case distinct from prior orders in which courts have granted procedural due process claims on similar facts. *See* ECF No. 3 (citing *Simon v. Warden, Cent. Valley Annex*, No. 1:26-CV-05030 (EJD), 2026 WL 1992936 (E.D. Cal. July 9, 2026); *Perez v. Chestnut*, No. 1:26-CV-06458 (EJD), 2026 WL 2836753 (E.D. Cal. Sept. 22, 2026); *Dieu v. Warden of the California Cty. Det. Facility*, No. 1:26-CV-04764 (EJD), 2026 WL 2365346 (E.D. Cal. Aug. 14, 2026); *Labrador v. Blanche*, No.

1:26-CV-06374 (EJD), 2026 WL 2409428 (E.D. Cal. Aug. 17, 2026)). Respondents filed a timely response, in which they argued that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b), but conceded that "[t]he instant matter is not substantially different from the cases … cited by the court in its minute order[,]" and that "this case is in the category of immigration habeas cases for which the Court has typically ordered release on due process grounds." ECF No. 5 at 1–2.

Accordingly, for the reasons stated in those cases, Petitioner is entitled to relief on his procedural due process claim. He has a clear liberty interest in his continued freedom following his grant of parole in 2024. *See R.A.N.O. v. Wofford,* 820 F. Supp. 3d 1094, 1102–03 (E.D. Cal. 2026) (holding that noncitizen had a protected liberty interest following his grant of humanitarian parole). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), he has a substantial private interest in maintaining his out-of-custody status following his grant of parole, the risk of erroneous deprivation without a hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Regardless of the applicable detention authority, Petitioner's liberty interest described above is still protected by the due process clause. *See Padilla v. United States Immigr. & Customs Enf't*, No. 24-2801, 2026 WL 2822044, at *19 (9th Cir. Sept. 21, 2026) ("Noncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Claus."). As Petitioner was not provided with notice of the reason for his re-detention, nor any opportunity to challenge the decision to re-detain him, his due process rights were violated.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Reilandy Gonzalez Moreno from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that

United States District Court
Eastern District of California

Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 5, 2026

Noël Wise
United States District Judge